United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-51766

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SAMMY GONZALEZ,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Texas
(3:04-CR-1911-7)**

Before KING, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Convicted for conspiracy to possess with intent to distribute cocaine, Sammy Gonzalez claims:  evidence was admitted erroneously; and the evidence was insufficient to support venue and the jury verdict.  **AFFIRMED.**

I.

A confidential informant (CI), who was a tractor-trailer driver, advised Drug Enforcement Administration (DEA) Agents of a drug-trafficking conspiracy in which he had twice obtained cocaine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from co-conspirator Memo (in El Paso, Texas, and Phoenix, Arizona); delivered it to Chicago, Illinois; and received a cash payment for it. Accordingly, the Agents engaged the CI's assistance in a controlled delivery of cocaine at the same site as the CI's two earlier deliveries.

Co-conspirator Garcia arrived at the delivery site, followed by Gonzalez. Garcia paid the CI and left with the cocaine, again followed by Gonzalez. Shortly thereafter, DEA Agents and police, who had been conducting surveillance of the delivery, stopped Gonzalez' vehicle and arrested him.

Gonzalez was charged with, *inter alia*, conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (conspiracy count). At trial, the jury found him guilty of the conspiracy count, but not of a related possession count. He was sentenced, *inter alia*, to 120 months' imprisonment.

## II.

### A.

Gonzalez contests the admission of evidence related to his gang affiliation. Two different standards of review apply, depending on whether a timely objection was made.

Gonzalez objected *only* to the admission of pictures of his gang-related tattoo and testimony regarding the name of a high-

2

ranking gang member. The admission of this objected-to evidence is reviewed for abuse of discretion, affirming unless its admission affected Gonzalez' substantial rights. *E.g.*, **United States v. Harms**, 442 F.3d 367, 377 (5th Cir. 2006), *cert. denied*, 2007 WL 142534 (29 May 2007). Regarding that evidence, Gonzalez did *not* object, however, to *other* testimony establishing both: his admitting, upon arrest, to gang affiliation; and his having a gang-related tattoo.

Gonzalez' remaining evidentiary challenges, including asserting an Agent and a police Officer were *not* properly qualified to testify regarding gang affiliation, are reviewed only for plain error, because, as noted, he did not preserve the error in district court. *E.g.*, **United States v. Thompson**, 454 F.3d 459, 464 (5th Cir.), *cert. denied*, 127 S. Ct. 602 (2006). Under such review, Gonzalez must show, *inter alia*, a "clear" or "obvious" error. **Id.** The testifying Agent and Officer, one of whom Gonzalez cross-examined regarding the now-challenged testimony, had relevant gang-related experience.

In sum, Gonzalez fails to show admission of the contested evidence constitutes error. *See* **Harms**, 442 F.3d at 377; **United States v. Green**, 324 F.3d 375, 381 (5th Cir. 2003). Accordingly, for each applicable standard of review, his challenges fail.

3

B.

Regarding Gonzalez' sufficiency-of-the-evidence challenge to venue, the relevant inquiry is whether, viewing the evidence in the light most favorable to the verdict, the Government established venue by a preponderance of the evidence, which can be entirely circumstantial. *See United States v. Solis*, 299 F.3d 420, 444-45 (5th Cir. 2002). Along that line, "venue in conspiracy cases is proper in any district where the agreement was formed or where an overt act in furtherance of the conspiracy was performed". *United States v. Pomranz*, 43 F.3d 156, 158-59 (5th Cir. 1995).

The evidence established the CI's initial delivery originated within the Western District of Texas, Memo's having given him the initial load of cocaine in El Paso. Particularly in the light of the similar delivery patterns for all three loads of cocaine, the jury could reasonably have found a conspiracy (as discussed *infra* in part II.C.) existed at the time of the conduct in El Paso. *See Solis*, 299 F.3d at 445; *Pomranz*, 43 F.3d at 158-59.

C.

Gonzalez' having properly moved at trial for judgment of acquittal, his sufficiency challenge to the jury verdict is reviewed in the light most favorable to the verdict, inquiring only whether a rational juror could find the elements of the offense established beyond a reasonable doubt. *E.g.*, *United States v.*

4

*Cuellar*, 478 F.3d 282, 287 (5th Cir. 2007) (en banc). Such review does *not* include weight or credibility of the evidence. *E.g.*, *id.*

For the charged conspiracy, the Government had to prove beyond a reasonable doubt: (1) an agreement existed to violate federal narcotics laws; (2) Gonzalez knew of its existence; and (3) he voluntarily participated in it. *E.g.*, **United States v. Gonzales**, 121 F.3d 928, 935 (5th Cir. 1997). Each element may be inferred from circumstantial evidence. *E.g.*, **United States v. Espinoza-Seanez**, 862 F.2d 526, 537 (5th Cir. 1988). Along that line, a jury may rely on presence, association, and "evasive and erratic behavior". **United States v. White**, 219 F.3d 442, 445 (5th Cir. 2000) (citation and quotation marks omitted).

The evidence was sufficient for a rational juror to find each element of the offense beyond a reasonable doubt. The Government presented adequate evidence of a drug-trafficking conspiracy between Memo, Garcia, and Ceballos (who, *inter alia*, accompanied Memo when he gave the CI the second load of cocaine in Phoenix), the existence of which Gonzalez does *not* dispute. Regarding his knowledge and participation, there was testimony establishing, *inter alia*: before the controlled delivery, Gonzalez drove slowly around the site and appeared to be conducting counter-surveillance; Gonzalez' cell phone reflected calls either made to, or received from, Garcia shortly before the delivery; Gonzalez followed Garcia's vehicle both to, and from, the delivery site, parking

5

behind it during the delivery; upon law-enforcement engaging their emergency lights and sirens to effectuate a stop and arrest, Gonzalez did *not* stop, but entered the lane of a pursuing Agent to either slow him down or force him off the road; Gonzalez' vehicle contained, *inter alia*, a checkbook in Ceballos' name and bags of rubber bands resembling those used to bundle the money given to the CI; and, upon their arrest, Gonzalez, Garcia, and Ceballos admitted to being affiliated with the same gang.

### III.

For the foregoing reasons, the judgment is

*AFFIRMED.*